UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, and SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>                                                  Plaintiffs,<br><br>             -against-<br><br>NY ASPHALT, INC.<br><br>                                                  Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer benefit funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Upon information and belief, defendant NY Asphalt, Inc. ("NY Asphalt") is a domestic business corporation, incorporated under the law of the State of New York, with its principal place of business at 73Industrial Loop, Staten Island, New York 10309, engaged in the construction business. At all relevant times, NY Asphalt was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

**The Collective Bargaining Agreement**

6. At relevant times herein, NY Asphalt was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7. The CBA requires NY Asphalt to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

2

8. Additionally, the CBA requires NY Asphalt to forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by NY Asphalt's employees.

9. The CBA also requires that contributions and remittance reports detailing the number of hours of Covered Work performed by employees are due on or before the 35th day following the close of the month in which the hours were worked.

10. The CBA requires NY Asphalt to comply with payroll audits to confirm that it is complying with its benefit contribution obligations under the CBA.

11. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of the unpaid contributions at an annual rate of ten percent (10%).

12. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, NY Asphalt is obligated to pay to the Funds its attorneys' fees.

13. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein." ("Trust Agreements.")

14. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

15. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, NY Asphalt is bound to the terms of the Collection Policy.

16. Article II of the Collection Policy provides that if NY Asphalt fails to make contributions when due, NY Asphalt is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent (10%), liquidated damages of ten percent (10%) of the amount of the unpaid contributions, reasonable audit and collections expenses, and attorneys' fees and costs.

17. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**2015-18 Audit**

18. Pursuant to the CBA, the Funds conducted an audit of NY Asphalt covering the period July 1, 2015 through April 30, 2018 (the "Audit").

19. The Audit contains the principal deficiency of $12,888.59 and union assessments and dues check offs of $1,135.61.

20. Despite demand for payment, these amounts remain outstanding.

**Delinquent Remittance Reports and Late Payment Interest**

21.  The CBA requires NY Asphalt, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee and to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all Covered Work.

22.  NY Asphalt failed to report the number of hours of Covered Work performed by each of its employees for the period May 2020. Accordingly, NY Asphalt owes contributions in an unknown amount for the period May 2020.

23.  Additionally, NY Asphalt also owes interest on the late payment of contributions for Covered Work performed during the period January 2018 through April 2020 of $9,044.94.

24.  Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, NY Asphalt is liable to the Funds for: (1) contributions of $12,888.59 and union assessments and dues check off of $1,135.61 pursuant to the Audit; (2) contributions in an unknown amount for the period May 2020; (3) late payment interest of $9,044.94 for Covered Work performed during the period January 2018 through April 2020; (4) interest on the unpaid contributions at an annual rate of ten percent (10%); (5) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (6) all reasonable attorneys' fees, audit costs, and collections costs incurred by Plaintiffs; and (7) any additional delinquent benefit contributions, union assessments and dues check offs, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter.

### FIRST CLAIM FOR RELIEF AGAINST NY ASPHALT
*Unpaid Contributions Under 29 U.S.C. § 1145*

25. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

26. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

27. The CBA requires that NY Asphalt make contributions to Plaintiffs for all Covered Work it performed.

28. Pursuant to the Audit, NY Asphalt owes contributions in the amount of $12,888.59.

29. NY Asphalt owes contributions in an unknown amount for the period May 2020.

30. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, NY Asphalt is liable to Plaintiffs for: (1) delinquent contributions uncovered by the Audit of $12,888.59, interest thereon and union assessments and dues check offs of $1,135.61; (2) contributions in an unknown amount for the period May 2020; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; (6) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (7) such other legal or equitable relief as the Court deems appropriate.

6

## SECOND CLAIM FOR RELIEF AGAINST NY ASPHALT
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

31. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

32. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

33. NY Asphalt violated the terms of the CBA when it failed to timely remit all contributions and union assessments and dues check offs due and owing for Covered Work revealed by the Audit.

34. NY Asphalt also violated the terms of the CBA when it failed to timely remit all reports and contributions for the period May 2020.

35. NY Asphalt further violated the terms of the CBA when it failed to timely remit contributions for the period January 2018 through April 2020, thereby incurring late payment interest of $9,044.94.

36. As a result of NY Asphalt's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against NY Asphalt for its failure to timely remit contributions and union assessments required by the CBA for the period July 1, 2015 through April 30, 2018;

ii. Award judgment in favor of Plaintiffs and against NY Asphalt for its failure to timely remit reports and contributions required by the CBA for the period May 2020;

iii. Award judgment in favor of Plaintiffs and against NY Asphalt for its failure to timely remit contributions for Covered Work performed from January 2018 through April 2020, thereby incurring late payment interest of $9,044.94;

iv. On Plaintiffs' First Claim for Relief, order NY Asphalt to pay the Funds: (1) delinquent contributions uncovered by the Audit of $12,888.59, interest thereon, and union assessments and dues check offs of $1,135.61; (2) delinquent contributions in an unknown amount for Covered Work performed in May 2020; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; (6) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (7) such other legal or equitable relief as the Court deems appropriate;

v. On Plaintiffs' Second Claim for Relief, with respect to the delinquent contributions and union assessments, order NY Asphalt to pay the Funds: (1) delinquent contributions uncovered by the Audit of $12,888.59, interest thereon, plus audit costs of $1,045, and union assessments and dues check offs of $1,135.61; (2) delinquent contributions in an known amount for Covered Work performed in May 2020; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5)

reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter;

vi. On Plaintiffs' Second Claim for Relief, with respect to the late payment interest NY Asphalt owes in connection with contributions it paid past the deadline for doing so for Covered Work performed during the period January 2018 through April 2020, finding that the Funds are entitled to recover: (1) late payment interest of $9,044.94; (2) and reasonable attorneys' fees and collection costs incurred by the Funds in this action;

vii. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 20, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Charles R. Virginia, Esq.
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*